# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 09-CV-3877 (JFB)(ARL)
_____

MIKE WATANMAKER,

Plaintiff,

VERSUS

WARREN G. CLARK, CHIEF CLERK, DISTRICT COURT, SUFFOLK COUNTY; RONALD
E. LIPETZ, ESQ., ASSISTANT DISTRICT ATTORNEY; THOMAS J. SPOTA, DISTRICT
ATTORNEY FOR SUFFOLK COUNTY; JOHN C. COCHRANE, COUNTY TREASURER OF
THE COUNTY OF SUFFOLK; JOHN DOES 1-10; AND JANE DOES 1-10,

Defendants.

_____

**MEMORANDUM AND ORDER**
August 31, 2010

_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Mike Watanmaker ("plaintiff") filed the complaint in this action under 42 U.S.C. § 1983 on September 8, 2009. The complaint names as defendants Ronald E. Lipetz, a Suffolk County Assistant District Attorney ("Lipetz"); Thomas J. Spota, the Suffolk County District Attorney ("Spota"); and John C. Cochrane, the former Suffolk County treasurer ("Cochrane" or "the treasurer")[1] (collectively "the County

defendants") as well as Warren G. Clark, Chief Clerk, District Court of Suffolk County ("Clark" or "the State defendant"). The complaint also names ten "John Doe" and "Jane Doe" defendants but does not specify the role of these defendants in the events giving rise to plaintiff's claims. All defendants are sued in both their individual and official capacities.

_____

[1] There is some dispute about whether defendant Cochrane was the county treasurer at the time of the events at issue here. In its moving brief, the County states that Angie M. Carpenter was the treasurer during the relevant period. (*See* County Def.'s Mem. of Law at 1 n.1.) In plaintiff's opposition brief, he appears to accept the county's statement as correct. (*See* Pl.'s Opp. Mem. of Law at 1.) In any event, as set forth below, regardless of the treasurer's identity, plaintiff's claims against him or her cannot succeed.

According to the complaint, plaintiff posted bail for Steven Dickman ("Dickman"), a defendant in a criminal case in Suffolk County District Court. When Dickman failed to appear at a court appearance, the bail was forfeited. Plaintiff contends that defendants failed to give Dickman and him adequate notice of the court appearance that resulted in the forfeiture. In particular, plaintiff asserts that defendant Lipetz mailed a notice to an address that Dickman had not lived at for over one year.

Although the exact role played by the other defendants is somewhat difficult to ascertain from the complaint, plaintiff contends that all the defendants engaged in unconstitutional actions and practices that failed to give adequate notice of future court appearances to certain criminal defendants and to people who post bail for such persons. Plaintiff also contends that he was deprived of proper notice and a hearing before the bail was forfeited and asserts that the forfeiture of bail without a hearing is unconstitutional. In addition, plaintiff brings claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the New York Freedom of Information Law ("FOIL"), N.Y. Public Officer's Law § 87, arising from the defendants' alleged failure to provide him with certain information.

Both the County defendants and the State defendant have moved to dismiss. Plaintiff has cross-moved for summary judgment. For the reasons that follow, the Court grants the motions to dismiss in their entirety on plaintiff's federal claims and denies plaintiff's motion for summary judgment. Specifically, the Court concludes that dismissal is warranted because (1) plaintiff lacks standing to assert claims on behalf of Dickman, (2) the

Eleventh Amendment bars the claims against defendants Clark, Spota, and Lipetz in their official capacities; and (3) the doctrine of absolute immunity provides a complete defense to the remaining § 1983 claims. Plaintiff also fails to state a Freedom of Information Act claim because he directed his information requests to state, as opposed to federal, agencies. The Court declines to exercise supplemental jurisdiction over any state-law claims.

I. BACKGROUND

The following facts are taken from the complaint ("Compl.") and the documents attached thereto.[2] These facts are not findings of fact by the Court, but rather are assumed to be true and are construed in the light most favorable to the non-moving party. *Giardina v. Nassau County*, No. 08 CV 2007 (JFB) (WDW), 2010 WL 1850793, *1 (E.D.N.Y. May 7, 2010).

A. Facts

Plaintiff posted bail in the sum of $10,000 for non-party Steven H. Dickman, who was incarcerated at the Suffolk County Correctional Facility in June of 2008 in connection with a misdemeanor charge for Unauthorized Use of a Vehicle in the Third Degree. (Compl. ¶¶ 2, 108; Exs. 1, 3, and

---

[2] Plaintiff also attached several exhibits to the complaint. The Court may consider these exhibits in adjudicating defendants' motion to dismiss. *See, e.g.*, *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (explaining that, in adjudicating a motion to dismiss under Rule 12(b)(6), the Court may consider, *inter alia*, "documents attached to [the complaint] or incorporated in it by reference").

4.) Both Dickman and plaintiff appeared in Suffolk County District Court before Judge Dennis Cohen on June 16 or 17, 2008 and on July 1, 2008, as directed by the court. Plaintiff alleges that Judge Cohen refused to set a "control date" at the July 1, 2008 appearance. (Compl. ¶¶ 7, 23, 26.) Thereafter, Dickman missed a September 2008 court date. Plaintiff claims that there was no "actual notice" given to him regarding that court date and that, although defendant Lipetz did send a notice of the court date to Dickman, the notice was sent to an address at which Dickman had not lived at for over one year. (Compl. ¶¶ 3, 15, 28, 76, 101-102.) Plaintiff claims this was done intentionally so as to induce Dickman's non-appearance. (Compl. ¶¶ 19, 23, 37, 53, 56.) A warrant was issued for Dickman's arrest. (Compl. ¶ 68.) It is unclear whether Dickman was actually arrested.

Plaintiff further alleges, "upon information and belief" that after Dickman failed to appear "in or about September . . . 2008 . . . bail has been deemed forfeited and seized by the Suffolk County Treasurer, in whole or in part, without a hearing." (Compl. ¶ 24; *see also* Compl. ¶ 37.)

In December 2008, after Dickman's alleged non-appearance, plaintiff claims to have filed two motions before Judge Cohen in Suffolk County District Court seeking to set aside any forfeiture of the bail. (Compl. ¶¶ 24, 115, 117.) Plaintiff alleges that these motions are still pending before Judge Cohen. (Compl. ¶¶ 24, 60, 67, 76-78, 115)

In this case, plaintiff contends that, because defendants did not give him or Dickman notice of Dickman's court appearance and because bail was revoked without a hearing

and adequate notice, his due process rights were violated. (*See, e.g.*, Compl. ¶¶ 14, 29). Plaintiff further alleges that he sent requests pursuant to FOIA and FOIL to the Suffolk County District Attorney, the "Chief Clerk of the U.S. District Court",[3] Suffolk County and Suffolk County Attorney's Office seeking: (1) copies of the decision, order, and other documents in *People v. Dickman*, Docket No. 2008 SU/027226; (2) bail payment documents; (3) the date of receipt of bail by the Suffolk County Treasurer; (4) the current status of the bail account and whether bail had been forfeited; (5) a copy of the rules and regulations that are provided to a payor of bail together with a copy of the statement signed by plaintiff setting forth his obligation to produce Dickman on each court date; and (6) documents relating to Suffolk District Court Docket number 2007 SU/20259. (Compl. Ex. 1.). Plaintiff contends none of the recipients responded to his requests.

As a result of the foregoing, plaintiff seeks money damages inclusive of the $10,000 he posted as bail with interest at the statutory rate of 9% *per annum*, plus the costs and disbursements of this lawsuit.[4]

---

[3] The Court interprets this recipient as the Chief Clerk of the *Suffolk County* District Court because the request was sent the "Cohalan Court Complex, 400 Carleton Ave., Central Islip, N.Y. 11722," the address of that court. (*See* Compl. Ex. 1.) The requests are also accompanied by time stamps, purporting to reflect the time and date these requests were delivered to Suffolk County Attorney's Office and to "Suffolk County District Court." (Compl. Ex. 2.). The Chief Clerk of the U.S. District Court is not a party to this action.

[4] The complaint is inconsistent with respect to the precise total amount of money damages plaintiff

(Compl. ¶¶ 29, 33, 40, 61, 108). Plaintiff also seeks a declaratory judgment that the Suffolk County District Court's procedures regarding notice and the forfeiture of bail without a hearing are unconstitutional. Finally, plaintiff requests that the information sought pursuant to FOIA and FOIL be provided to him.

## B. Procedural History

Plaintiff filed the complaint in this Court on September 8, 2009. Subsequently, both the County defendants and the State defendant filed letters with the Court requesting a pre-motion conference in anticipation of moving to dismiss.

By Order dated October 23, 2009, the Court dispensed with its pre-motion conference requirement and set a briefing schedule for the defendants' motions. The defendants timely filed their motions to dismiss the complaint. Plaintiff timely opposed the motions and also filed a cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

By Order dated January 21, 2010, the undersigned directed defendants to respond to plaintiff's cross-motion in their reply briefs and extended the deadline for the submission of reply papers to February 12, 2010. Defendants complied with this Order, and plaintiff filed his reply in further support of his summary judgment motion on March 16, 2010. All pending motions are now fully submitted.

---

actually seeks. (*Compare, e.g.*, Compl. ¶ 61 ($75,000) *with* Compl. ¶ 108 ($50,000).)

## II. MOTIONS TO DISMISS

### A. Standard of Review

Both the State defendant and the County defendants have moved to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144(JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Mancuso v. Hynes*, 09-4393, 2010 WL 2131009, at *1 (2d Cir. May 27, 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

B. Discussion

1. New York's Bail Forfeiture Procedure

Because the factual basis for plaintiff's claim involves his posting of bail and the forfeiture of that bail, the Court briefly outlines the relevant legal framework for the forfeiture of bail in New York State.

New York Criminal Procedure Law § 540.10 provides the generally applicable procedures for the forfeiture of bail. Pursuant to § 540.10(1), when a criminal defendant fails to appear as required without sufficient excuse, bail is generally forfeited. Section 540.10(1) provides, in relevant part:

> If, without sufficient excuse, a principal does not appear when required or does not render himself amenable to the orders and processes of the criminal court wherein bail has been posted, the court must enter such facts upon its minutes and the bail bond or the cash bail, as the case may be, is thereupon forfeited.

N.Y. Crim. Proc. Law § 540.10(1). Once the defendant's nonappearance is entered on the court's minutes, the bail is deemed forfeited and the forfeiture is thereafter reduced to a written order of forfeiture. *Id*.; *see also Int'l Fidelity Ins. Co. v. City of N.Y.*, 263 F. Supp. 2d 619, 625 (E.D.N.Y. 2003).

Upon receipt of the order of forfeiture, in the case of cash bail, the statute requires the county treasurer to provide written notice to the person who posted the bail. The treasurer may then convert the bail to the use of the county at any time after final adjournment of the court or forty-five days from when the notice was given, whichever comes later. § 540.10(2). The Legislature amended the statute in 1984 to include the post-forfeiture notice provision with the "clear purpose" to "provide *notice* of the forfeiture to the person who posted cash bail, thereby affording such person both the knowledge that the bail was forfeited and the opportunity to make *timely* application for remission." *People v. Williams*, 512 N.Y.S.2d 1007, 1009 (County Court, Schoharie County 1987) (emphasis in original).

5

Once there has been a forfeiture of bail, § 540.30 provides the mechanism for remission. Pursuant to the statute, if the forfeiture was ordered by a local criminal court, such as Suffolk County District Court, an application for remission may be made to either a superior court in the county or to the district court that ordered the forfeiture. N.Y. Crim. Proc. Law § 540.30(1)(b). Such "application must be made within one year after the forfeiture of the bail is declared . . . ." § 540.30(2).

## 2. Subject Matter Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to adjudicate plaintiff's claims. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). The question of the Court's subject matter jurisdiction may be raised at any time by the parties or by the court *sua sponte. United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

### a. Standing

Here, defendant Clark argues that plaintiff lacks standing to bring this action.[5] The Court

agrees in part. "To invoke the jurisdiction of the federal courts and establish standing[,] a plaintiff must '[1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief.'" *Sharpe v. Mental Health Sys. of the U.S.*, 357 F. App'x 373, 374 (2d Cir. 2009) (quoting *Fulani v. Bentsen*, 35 F.3d 49, 51-52 (2d Cir. 1994)) (last three alterations in original). To establish standing to assert a claim on behalf of a third party, a plaintiff (1) must establish that he "suffered an 'injury in fact,' thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute," (2) "must have a close relation to the third party," and (3) "there must exist some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (internal citations and quotations omitted); *accord Fenstermaker v. Obama*, 354 F. App'x 452, 454 (2d Cir. 2009).

In this case, to the extent plaintiff relies on, as a separate, stand-alone constitutional violation, the fact that Dickman did not receive notice of his court appearance, plaintiff lacks standing to assert that claim. The complaint provides no basis to infer that plaintiff suffered an injury based solely on the lack of notice to Dickman or that plaintiff and Dickman have a sufficiently close relationship such that plaintiff can

---

[5] The State defendant brings his motion to dismiss under Rule 12(b)(6). However, because the State defendant's standing argument, and his *Rooker-Feldman* argument, *see infra*, implicate the court's subject-matter jurisdiction, they are more appropriately brought under Rule 12(b)(1). *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006) (noting that Second Circuit has considered standing challenges under both rules in the past but that 12(b)(1) is the more appropriate rule); *see also Lance*, 549 U.S. at 438 n. * (explaining that *Rooker*

*Feldman* "concerns a district court's subject-matter jurisdiction"). In any event, as discussed above, the Court is independently obligated to determine whether it has subject-matter jurisdiction and, accordingly, considers the standing and *Rooker Feldman* arguments regardless of which rule the State defendant asserts them under.

assert Dickman's rights[6] or that Dickman is somehow hindered from pursuing his own interests.

Plaintiff does have standing, however, to challenge the forfeiture of bail and the procedures used to effect the forfeiture. Clearly, plaintiff, as the person who posted the bail, has allegedly suffered a personal injury (i.e., loss of the money) that could be remedied by a favorable court decision ordering remission of the forfeiture. *Cf. United States v. Markiewicz*, No. Crim. A. 96-CR-122(RSP), 1998 WL 37592, at *1 (N.D.N.Y. Jan. 28, 1998) ("A district court has jurisdiction to consider a third party's motion seeking release of bail funds posted on behalf of a criminal defendant."); *see also People v. Castro*, 464 N.Y.S.2d 650, 654 (Sup. Ct. 1983) (finding that, for purposes of New York state law, third-party depositor of cash bail had standing to vacate a cash bail forfeiture).

### b. *Rooker Feldman*

The State defendant also argues, in conclusory fashion, that the *Rooker-Feldman* doctrine bars plaintiff's claims. The Second Circuit has delineated four requirements for *Rooker Feldman* to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations and alterations omitted). The Court declines to apply the doctrine in this case because the State defendant fails to provide any information indicating that plaintiff lost any state court judgment. Additionally, the complaint can be construed such that the injuries claimed by plaintiff resulted not from any judgment itself but from a lack of adequate process both before and after Dickman's missed court appearance. Therefore, the Court declines to dismiss the complaint on *Rooker-Feldman* grounds.

In sum, the Court has subject matter jurisdiction over plaintiff's claims, except to the extent that plaintiff seeks to assert a stand-alone claim based on the fact that Dickman did not receive notice of a court appearance.

### 3. Failure to State a § 1983 Claim

Plaintiff's claims, however, are subject to dismissal for other reasons. Specifically, the Eleventh Amendment bars any claim against defendants Clark, Lipetz, and Spota in their official capacities. Additionally, Clark, Lipetz, Spota, and Cochrane are entitled to absolute immunity on all remaining § 1983 claims.

### a. Eleventh Amendment

To the extent that plaintiff seeks to sue defendants Clark, Lipetz and Spota in their

---

[6] *Cf. Fenstermaker*, 354 F. App'x at 455 (finding that attorney did not have standing to assert claims on behalf of potential clients and explaining that "[a] close relation supporting third-party standing exists when 'the relationship between the litigant and the third party may be such that the former is fully, or very nearly, as effective a proponent of the right as the latter.'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 115 (1976))).

official capacities under § 1983, the Eleventh Amendment bars any such claim. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns. . . . " *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (quoting *W. Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also extends to suits against state officers in their official capacities. *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06-CV-5169 (DLI) (CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against

state courts are considered to be lawsuits against the state.").[7]

Here, defendants Clark, Spota, and Lipetz are state officers. Specifically, defendant Clark is a state officer because he is Chief Clerk of the District Court of Suffolk County, and the District Court of Suffolk County is an arm of the New York state court system. *Cf. Casaburro v. Guiliani*, 986 F. Supp. 176, 182 (S.D.N.Y. 1997) (granting state court clerk's motion to dismiss official capacity suit on Eleventh Amendment grounds); *see also Davis v. State of N.Y.*, No. 90 Civ. 6170 (MBM), 1991 WL 156351, at *2 (S.D.N.Y. Aug. 6, 1991) (dismissing claim against state-court officials on Eleventh Amendment grounds), *aff'd* 106 F. App'x 82 (2d Cir. 2004).[8]

Additionally, Defendants Spota and Lipetz—who are, respectively, the Suffolk County District Attorney and a Suffolk County Assistant District Attorney—are state officers by virtue of their role as state

---

[8] *See generally Gollomp v. Spitzer*, 568 F.3d 355, 366-67 (2d Cir. 2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity."); New York Courts, http://www.nycourts.gov/litigants/courtguides/CtUsersNasSuff02.pdf (last visited Aug. 24, 2010) (providing background information regarding the role of the Suffolk County District Court in the New York State court system).

prosecutors. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (affirming dismissal of claims against current and former Kings County District Attorneys and Assistant District Attorneys on Eleventh Amendment grounds); *McCray v. City of N.Y.*, Nos. 03 Civ. 9685 (DAB), 03 Civ. 9974(DAB), 03 Civ. 10080 (DAB), 2007 WL 4352748, at *12 (S.D.N.Y. Dec. 11, 2007) ("'When prosecuting a criminal matter, a district attorney in New York represents the state, not the county.'" (quoting *Alvarez v. Doe*, No. 03 Civ. 7740, 2004 WL 1874972, at *4 (S.D.N.Y. Aug. 13, 2004))). Thus, because these defendants are state officers and because New York state has not waived its sovereign immunity for suits under § 1983,[9] these defendants are immune from suits in their official capacity.

### b. Absolute Immunity

Defendants also contend that they are entitled to absolute immunity. Specifically, defendants Spota and Lipetz assert they are entitled to absolute immunity by virtue of their role as prosecutors, and defendants Clark and Cochrane argue they are entitled to absolute immunity because they played a quasi-judicial role in this case. As set forth below, the Court agrees.

### (1) Prosecutorial Immunity

"'It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.'" *Crews v. County of Nassau*, No. 06-CV-2610 (JFB)(WDW), 2007 WL 4591325, at *13 (E.D.N.Y. Dec. 27, 2007) (quoting *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of N.Y.*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in *Hill*, the Second Circuit held that an Assistant District Attorney's alleged acts of, *inter alia*, "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." *Id.* at 661. On the other hand, "[w]hen a district attorney functions outside his or her role as an advocate for the People, the shield of immunity is absent. Immunity does not protect those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings." *Hill*, 45 F.3d at 661; *see also Carbajal v. County of Nassau*, 271 F. Supp. 2d 415, 421 (E.D.N.Y. 2003) ("[W]hen a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest—that is, when he performs functions normally associated with a police investigation—he loses his absolute protection from liability."). "In determining whether absolute immunity obtains, [courts] apply a 'functional approach,' looking to the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).

---

[9] *See, e.g.*, *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court . . . .").

Here, defendants Spota and Lipetz have absolute prosecutorial immunity because their actions fall squarely within the scope defined by the Supreme Court. Even assuming, as the Court must, that Lipetz intentionally mailed the notice to the wrong address, he did so as part of his function as an advocate in the prosecution against Dickman. *See Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993) ("[T]he prosecutor's determination to notify or failure to notify is intimately associated with the hearing and is simply a litigation-related duty. Giving notice to witnesses, victims or defendants is certainly one of those core prosecutorial functions which is protected by absolute immunity."); *Banda v. Burlington County*, Civil Action No. 03-2045(EJI), 2006 WL 2739718, at *6 (D.N.J. Sept. 26, 2006) (finding prosecutors entitled to absolute immunity on § 1983 claim that they failed to provide criminal defendant with proper notice of criminal forfeiture hearing); *see also Haugen v. Fields*, No. CV-05-3109-RHW, 2007 WL 39981, at *5 (E.D. Wash. Jan. 5, 2007) (finding social worker entitled to quasi-prosecutorial immunity on claim that she failed to provide adequate notice to parent of hearing regarding whether child would be put in foster care). Accordingly, defendants Lipetz and Spota are entitled to absolute prosecutorial immunity, and plaintiff's § 1983 claims against these defendants are dismissed.[10]

(2) Judicial Immunity

Defendants Clark and Cochrane assert that they are entitled to absolute judicial immunity. The Court agrees.

Although neither Clark nor Cochrane is a judge, judicial immunity can extend to non-judges "who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Thus, absolute judicial immunity can apply to officials such as court clerks when the clerks perform tasks integral to the judicial process, such executing a judge's orders. *See Rodriguez v. Weprin*, 116 F.3d 62, 67 (2d Cir. 1997) ("Even 'when functions that are . . . administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, . . . that officer's immunity is also available to the subordinate.'" (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992))); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("[C]lerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process."); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) ("[A] clerk's acts that implement judicial decisions or that are performed at the

---

[10] The Court also notes that the plaintiff's § 1983 claim against defendant Spota is subject to dismissal for the additional reason that the complaint does not allege any personal involvement by defendant Spota. *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2004); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (explaining that personal involvement by the defendant in any constitutional violation is a prerequisite to an award of damages under Section 1983); *Jackson v. County of Nassau*, No. 07-CV-245

(JFB) (AKT), 2009 WL 393640 (E.D.N.Y. Feb. 13, 2009) ("'[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999))). Moreover, the doctrines of *respondeat superior* or vicarious liability do not apply to § 1983 claims. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

10

direction or under the supervision of a judicial officer come under the ambit of judicial immunity."); *Isasi v. Heinemann,* No. 08-CV-5284 (BMC), 2009 WL 159601, at *2 (E.D.N.Y. Jan. 22, 2009) (explaining that court clerks are entitled to absolute immunity where "the judge was the ultimate decision maker and the clerk was just carrying out the orders of the judge"). On the other hand, when a judge or clerk is performing duties unrelated to the adjudicative process, only qualified immunity attaches. *See, e.g.,* *Forrester v. White*, 484 U.S. 219, 229-30 (1988) (finding judge not entitled to absolute immunity for decision to demote and fire a probation officer); *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 683-86 (D.C. Cir. 2009) (finding that juror officer not entitled to absolute quasi-judicial immunity for dismissing allegedly disruptive grand juror because act was an administrative one, unrelated the adjudicative context).

In determining whether absolute immunity or qualified immunity applies to a particular officer, courts apply "a 'functional' approach to immunity questions other than those that have been decided by express constitutional or statutory enactment." *Forrester*, 484 U.S. at 224. "[I]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Id.* at 227; *see also Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) (explaining, in context of suit against judge, that "[i]n employing this functional analysis, the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature").

Here, Clark and Cochrane are entitled to absolute judicial immunity. Plaintiff's precise allegations against these particular defendants

are somewhat difficult to comprehend. It is apparent, however, that, in the bail forfeiture process, the court clerk and county treasurer act pursuant to a judge's orders and that they are an integral part of that judicial process. The procedure for forfeiture of bail can begin only after the a judge enters an order of forfeiture. *See* N.Y. Crim. Proc. Law § 540.10(1), (3). Once the order is filed with the clerk of the court, the clerk simply dockets the order and enters a judgment. *See id.* § 540.10(3). Once the treasurer receives the order, he or she provides notice to the person who posted the bail and, after a period of time, may apply the money deposited as bail to the use of the county treasury. *See id.* § 540.10(2); *see also* Peter Preiser, McKinney's Practice Commentaries, N.Y. Crim. Proc. Law § 540.10 ("In the case of cash bail, upon receipt of the order of forfeiture, the treasurer simply gives notice to the person who posted the bail and the treasurer then may convert same to the use of the county . . . ."). Therefore, the clerk and the treasurer merely carry out a judge's orders that bail be forfeited to the county and, as such, are cloaked with the judge's absolute immunity. *See generally Smith v. City of Hammond*, 388 F.3d 304, 306 (7th Cir. 2004) (dismissing § 1983 claim where plaintiff did not "indicate what role he thinks the clerk or the police chief plays in Judge Harkin's bail decisions except to execute them," and "[a]s mere executants they would be sheltered by the judge's absolute immunity . . . .").[11] In

---

[11] Although plaintiff appears to assert that Clark should have provided him with notice of Dickman's court appearances before the forfeiture of bail, as noted above, plaintiff lacks standing to assert a constitutional violation based solely on a lack of notice to Dickman. In any event, absolute

sum, even assuming bail was forfeited, Clark and Cochrane acted pursuant to a judge's orders and did so as an integral part of the judicial process.

The Court notes that the existence of procedures for vacating a bail forfeiture order provides a clear rationale as to why the law extends absolute immunity to defendants Clark and Cochrane under the circumstances. One of the policies underlying absolute judicial immunity is that "safeguards" inherent in the judicial process, such as the ability to appeal, lessen the need for damage suits against judges and clerks because these safeguards provide an alternative means of remedying unconstitutional conduct. *See, e.g.*, *Sindram*, 986 F.2d at 1461 ("Suits against clerks for damages, like those against judges, are generally not necessary to control unconstitutional conduct in light of the numerous safeguards that are 'built into the judicial process,' especially the 'correctability of error on appeal.'" (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978))); *see also Forrester*, 484 U.S. at 227 ("Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of

---

judicial immunity would still apply Clark's actions with respect to scheduling or docketing court dates and to sending orders to Dickman and/or plaintiff. *Cf. Dzwonczyk v. Suddaby*, No. 5:10-CV-300, 2010 WL 1704722, at *6 (N.D.N.Y. Apr. 28, 2010) (dismissing *Bivens* claim against Clerk of the Court on absolute immunity grounds where claims "relat[ed] to the way documents were filed with the court or how orders were sent to plaintiff . . . ."). *See generally Rodriguez*, 116 F.3d at 66-67 (explaining that "[a] court's inherent power to control its docket is part of its function of resolving disputes" and finding that court clerks were absolutely immune in suit alleging harms from their delay in scheduling plaintiff's appeal).

review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."). Here, New York Criminal Procedure Law § 540.30 allows a depositor of cash bail—such as plaintiff here—to move a court to remit a bail forfeiture in the interests of justice. *See* N.Y. Crim. Proc. L. § 540.30 (explaining, *inter alia*, that "[t]he court may grant the application and remit the forfeiture . . . upon such terms as are just"); *see, e.g.*, *People v. Montgomery*, 614 N.Y.S.2d 277, 278 (App. Div. 1994) (granting application by depositor of cash bail for remission of forfeiture); *People v. Salabarria*, 503 N.Y.S.2d 411, 413 (App. Div. 1986) (same). Therefore, although plaintiff seems to allege that the clerk and the treasurer erred by failing to provide him with adequate notice of the bail forfeiture, New York law contains a "safeguard" by which plaintiff can seek to remedy any improper conduct. Indeed, plaintiff appears to have attempted to take advantage of this procedure by filing motions before Judge Cohen in the Suffolk County District Court.[12] In short, both the

---

[12] Similarly, even if defendants were not entitled to absolute immunity, the availability of procedures for the remission of bail would bar plaintiff's § 1983 claim as a matter of law. Viewing the allegations in the complaint in the light most favorable to plaintiff, plaintiff essentially asserts defendants failed to provide him with adequate procedural due process before seizing the bail plaintiff had posted. However, a plaintiff cannot succeed on a § 1983 due process claim where state law provides an adequate post-deprivation remedy. *See, e.g.*, *Davis v. New York*, 311 F. App'x. 397, 400 (2d Cir. 2009) ("The property loss alleged by [plaintiff]—whether intentional or negligent—will not support a due process claim redressable under § 1983 if 'adequate state post-deprivation remedies are

role of the clerk and the treasurer in the bail forfeiture process and the policies underlying judicial immunity support giving Clark and Cochrane absolute judicial immunity here.

For the reasons set forth above, plaintiff's § 1983 claims against Clark and Cochrane are dismissed.

### 4. Freedom of Information Claims

As noted above, plaintiff alleges that he filed Freedom of Information requests with the Suffolk County District Attorney, the Chief Clerk of the District Court, Suffolk County and the Suffolk County Attorney's Office for documents concerning Dickman's

---

available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))). Here, as noted above, plaintiff can seek (and apparently has sought) to have the forfeiture remitted. Furthermore, to the extent plaintiff contends the state court has unreasonably delayed in deciding these claims, plaintiff could seek a writ of mandamus in state court pursuant to N.Y. C.P.L.R. Article 78. *See generally Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir. 1996) ("We have held on numerous occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy in the present situation. . . . . An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." (internal citations omitted)). In short, New York law provides adequate remedies for the injuries alleged by plaintiff. *Cf., e.g.*, *David v. N.Y.P.D. 42nd Precinct Warrant Squad*, No. 02 Civ. 2581(DC), 2004 WL 1878777, at *5 (S.D.N.Y. Aug. 23, 2004) ("Because New York provides an adequate post-deprivation remedy in the form of state law causes of action . . . [plaintiff's] § 1983 due process claim . . . is dismissed . . . ."). As such, even if defendants were not entitled to absolute immunity, plaintiff's § 1983 claim would fail as a matter of law.

cases as well as for documents relating to the bail posted by plaintiff. Plaintiff alleges that none of the information he requested was provided.

Although difficult to discern, the Court liberally construes plaintiff's allegations to purport to assert claims under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the New York Freedom of Information Law ("FOIL"), N.Y. Public Officer's Law § 87.

FOIA, however, only applies to the federal government and not state government agencies. *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies."). The FOIA requests submitted by plaintiff were all served on state agencies. Therefore, FOIA does not apply, and plaintiff's FOIA claim is dismissed.

Given the dismissal of all of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the state law claim brought pursuant to FOIL or any other state law claims plaintiff may be attempting to assert. *See Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) ("In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir.

1986))).[13]  Accordingly, plaintiff may pursue any such claims in state court.

### 5. Opportunity to Replead

As set forth above, plaintiff's federal claims are subject to dismissal. The Court has also considered whether plaintiff should be given an opportunity to replead. The Second Circuit instructs that a district court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation omitted). Though mindful of the plaintiff's *pro se* status, the Court finds that any attempt to amend the complaint would be futile. It is apparent that plaintiff cannot assert a plausible § 1983 claim because he lacks standing to assert a claim on behalf of Dickman and because defendants are immune from suit. Accordingly, any attempt to replead a § 1983 claim would be futile. *Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (explaining that if a plaintiff cannot demonstrate that he is able to amend his complaint "in a manner which would survive dismissal, [the] opportunity to replead is rightfully denied."). Similarly, repleading is futile with respect to plaintiff's FOIA claim because plaintiff cannot assert a FOIA claim against state agencies.

---

[13] Similarly, to the extent plaintiff asserts a claim against defendant Lipetz under the New York Judiciary Law (*see, e.g.*, Compl. ¶ 13), the Court declines to exercise supplemental jurisdiction over that claim.

### III. MOTION FOR SUMMARY JUDGMENT

Because the claims against defendants do not survive the motions to dismiss, the Court denies as moot plaintiff's motion for summary judgment.

### IV. CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are granted in their entirety on plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Given the dismissal of the complaint, plaintiff's cross-motion for summary judgment is denied as moot.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 31, 2010
Central Islip, New York

* * *

Plaintiff is *pro se*. The County defendants are represented by Christine Malafi, Suffolk County Attorney, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, NY 11788, by Brian Mitchell, Assistant County Attorney. The State defendant is represented by Andrew M. Cuomo, Attorney General of the State of New York, by Lori Pack, Assistant Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788.